**Jose RIOS and Carlos Pinon, Individually, etc., Plaintiffs-Appellants,**

v.

**Col. Robbin E. L. WASHINGTON, Chairman of the El Paso Municipal Civil Service Commission, et al., etc., Defendants-Appellees,**

**Ferndnado Pena et al., Intervenor.**

No. 73–1475

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 7, 1973.

Bart Cox, El Paso, Tex., for plaintiffs-appellants.

Travis White, City Atty., John C. Ross, Jr., Wade Adkins, Paul A. Echols, Asst. City Attys., El Paso, Tex., for defendants-appellees.

D. Clark Hughes, El Paso, Tex., for intervenor.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

PER CURIAM:

Appellants filed suit in the court below on behalf of themselves and all others similarly situated, challenging portions of the El Paso, Texas, Municipal Charter that provide for the award of five points of extra credit to "veterans'" scores on municipal civil service examinations. Appellants alleged that they were members of a class composed of "municipal employees of the City of El Paso, Texas, who are not defined as 'veterans'" under the challenged provision. In response to appellees' motion to dismiss for failure to allege facts showing that appellants were personally affected by the challenged provision, appellants sought and obtained leave to amend their complaint. Their amended

---

* Rule 18, 5th Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

complaint, however, alleged only that the representatives of the class had "actually suffered from the Defendants' alleged discriminatory actions." Subsequent to the filing of this amended complaint, the trial court heard argument on and granted appellees' motion to dismiss.

The judgment of dismissal is affirmed on the ground that appellants failed to allege facts showing that they were personally affected by the challenged provisions. We intimate no view as to the merits of appellants' claims.